**UNITED STATES of America,**
Appellee,

v.

Peter GATIEN; Joseph Uzzardi, also known as Baby Joe; Kevin Michael O'Brien; Victor Krasniqi; John Charles Simonson; William Civalier; Robert Fylyopowycz; Zachary Dibenedetto; Darren Resnick; Albert Behin; Sachin Amin; Gregg Poggi; Nicholas Ercolano; Jason Tillotson; James O'Neil; Judebernard Poltevien; Michael Desir; Harrison Mindlin; Elana Rosenzweig; Kenneth Madigan; Glen Dipiero; Matthew Keith; H.C. Entertainment Corp.; Landsdown Investors of New York, Inc.; Greg Leone; Ray Montgomery; Jose Otero, also known as Tony; Yvette Gil; Wilson Gil; Annmarie Pepe; James Maloney; Robert Gordon; Paul Torres; Michael C. Caruso; Ralph Lnu; Frank Romano; Steven Ramirez; Todd Metzner, also known as Totally Todd; Jonathan Robinson, also known as Junkie Jonathan; Robert Sorce, also known as the it Twins; Tim Duperron, also known as the it Twins, Defendants,

Steven Lewis, Defendant–Appellant.

No. 00–1597.

United States Court of Appeals,
Second Circuit.

Sept. 6, 2001.

Linda Lacewell, Assistant United States Attorney; Emily Berger, Assistant United States Attorney, Loretta Lynch, United States Attorney, on the brief, Eastern District of New York, for United States.

Richard E. Mischel; Douglas E. Grover, Mischel, Neuman & Horn P.C., New York, NY, for defendant-appellant.

Present MESKILL, WINTER, and STRAUB, Circuit Judges.

### SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant-appellant Steven Lewis appeals from a final judgment of the United States District Court for the Eastern District of New York, convicting him of conspiracy to distribute and possess with intent to distribute MDMA and cocaine, in violation of 21 U.S.C. § 846, and aiding and abetting the distribution of MDMA and cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

The conviction arose from Lewis's promotional activities at two New York City nightclubs, the Tunnel and the Limelight, which were centers of MDMA use and distribution. The government charged, and the jury found, that during the course of these promotional activities, Lewis had entered into a conspiracy to use the nightclubs for the distribution of illegal drugs.

On appeal, Lewis offers four separate bases for vacating his conviction. His principal argument, and the one we address in most detail, is that the evidence before the jury was insufficient to convict him. He also argues that the evidence at trial demonstrated the existence of multiple conspiracies, not the single conspiracy charged in the indictment; that the District Court admitted an incriminating statement elicited from Lewis in violation of his right to counsel; and that newly discovered evidence requires a new trial. For the reasons set forth, we reject Lewis's arguments and affirm his conviction.

■ When faced with a challenge to the sufficiency of the evidence, we must view the evidence in the light most favorable to the government and construe inferences in the government's favor and affirm the conviction if the jury might have concluded guilt beyond a reasonable doubt. *See United States v. Butler*, 970 F.2d 1017, 1021–22 (2d Cir.1992). For a charge of conspiracy, the government must provide evidence that the defendant agreed to the essential nature of the plan with the intent to aid in its accomplishment. *See United States v. Salameh*, 152 F.3d 88, 147 (2d Cir.1998). In order to prove the charge of aiding and abetting the possession of drugs for distribution, the government must show that "the defendant joined the specific venture and shared in it, and that his efforts contributed to its success." *United States v. Medina*, 32 F.3d 40, 45 (2d Cir.1994). A review of the evidence offered at Lewis's trial demonstrates that the government met its burden on both charges.

■ During the course of the twelve day jury trial, the government offered, *inter alia*, evidence sufficient to prove the elements of the crimes charged. Testimony by club employees indicated that Lewis had hired and controlled key club promoters, that he knew that those promoters were engaged in the sale of drugs, that he controlled access to the clubs, admitting many persons whom he knew to be drug dealers, and that he had a financial incentive to attract crowds at the clubs. One promoter testified that Lewis once told him that "good drugs and good music

make for good parties" and Lewis had encouraged him to ensure that drugs were present at parties by chastising him when they were absent. That promoter also testified that Lewis had approved promotional materials that strongly advertised the availability of drugs. Finally, there was testimony that Lewis alerted drug dealers about the presence of undercover police officers at the clubs, and vetoed one promotional flier as too explicitly advertising the availability of drugs. From this evidence, the jury could infer that Lewis encouraged drug distribution through his employees and sought to protect the drug distribution network from discovery by the police.

Lewis has offered plausible, innocent interpretations of each piece of evidence. It is the jury's role, however, to decide which inferences to draw from a piece of evidence. Since Lewis's argument would require us to substitute the jury's factual conclusions about the proper inferences to be drawn, with our own views, we conclude that the government provided sufficient evidence to convict Lewis of both the conspiracy and the aiding and abetting charge.

In addition to the sufficiency of the evidence argument, Lewis challenges his conviction on three other grounds. First, Lewis argues that the evidence at trial proved the existence of many conspiracies, and not the single conspiracy charged in the indictment, therefore requiring that we vacate his conviction. Based on our review of the evidence, we believe that a reasonable juror could have concluded beyond a reasonable doubt that the "scope of the criminal enterprise proven fits the pattern of the single conspiracy alleged in the indictment" and that Lewis "participated in the alleged enterprise with a consciousness of its general nature and extent." *United States v. Rosa,* 11 F.3d 315, 340 (2d Cir.1993). Moreover, Lewis cannot show "substantial harm" based on the variance he asserts. *United States v. Berger,* 224 F.3d 107, 115 (2d Cir.2000). We also reject Lewis's argument that his statements to co-defendant Joseph Uzzardi were elicited in violation of his right to counsel, and therefore should have been suppressed at trial. In the presence of interrogating police officers, Lewis told Uzzardi that "I told you this was going to happen, it's over, you have to tell the truth now." Even assuming that the District Court should have suppressed the statement, we think it clear that the admission was "harmless beyond a reasonable doubt" given the other evidence against him. *United States v. Brown,* 699 F.2d 585, 591 (2d Cir.1983). Finally, Lewis argues that newly discovered evidence requires that he be retried. That evidence consists of testimony of a new witness who, the defendant claimed, would add support to his defense theory. Based upon Lewis's description of the new witness's testimony, we do not think that the new evidence meets the standards required to justify a new trial, and in particular fails to be "material" and "not cumulative." *United States v. Sasso,* 59 F.3d 341, 350 (2d Cir.1995).

We have considered all of Lewis's arguments on appeal and find them to be without merit. For the reasons set forth above, the judgment of the District Court is AFFIRMED.