*United States v. Nieves*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand eighteen.

PRESENT:  JOSÉ A. CABRANES,
    SUSAN L. CARNEY,
      *Circuit Judges*,
    VALERIE E. CAPRONI,
      *District Judge.*\*

---

UNITED STATES OF AMERICA,

    *Appellee*,        17-1203

    v.

JUAN ANTHONY NIEVES, AKA TONY,

    *Defendant-Appellant.*

---

 \* Judge Valerie E. Caproni, of the United States District Court for the Southern District of New York, sitting by designation.

1

FOR APPELLEE:                        Daniel B. Tehrani and Won S. Shin,
                                     Assistant United States Attorneys, *for*
                                     Geoffrey S. Berman, United States
                                     Attorney for the Southern District of New
                                     York, New York, NY.


FOR DEFENDANT-APPELLANT:             Darrell Fields, Appeals Bureau, Federal
                                     Defenders of New York, Inc., New York,
                                     NY.

Appeal from a June 19, 2017 judgment of the United States District Court for the Southern District of New York (Cathy Seibel, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's June 19, 2017 judgment be, and it hereby is, **AFFIRMED**.

Defendant-Appellant Juan Anthony Nieves, a/k/a "Tony" ("Nieves"), appeals the District Court's amended judgment entered June 19, 2017.[1] Nieves was convicted of one count of impersonation of a federal officer or employee in violation of 18 U.S.C.  § 912 and one count of wire fraud in violation of 18 U.S.C. § 1343. The District Court sentenced him on April 4, 2017 principally to thirty-six months' imprisonment on the first count and seventy-two months on the second count, the terms to run concurrently. We assume the parties' familiarity with the underlying facts and the procedural history of the case. Nieves argues on appeal that his sentence is (1) procedurally unreasonable; and (2) substantively unreasonable.

1. **Procedural Reasonableness**

Nieves argues that his sentence is procedurally unreasonable because the District Court erroneously "double-counted" the same conduct for the purpose of applying two sentence-

---

[1] Nieves's Notice of Appeal, filed on April 11, 2017 and entered on April 24, refers only to the District Court's judgment entered April 4, 2017. In fact, the District Court sentenced Nieves on April 4 but did not enter judgment until April 21. It then entered three amended judgments at its own instance on May 16, May 23, and June 19 to correct clerical errors, as allowed by Federal Rule of Criminal Procedure 36. We construe Nieves's Notice of Appeal as referring to the last amended judgment, entered on June 19. *See Manrique v. United States*, 137 S. Ct. 1266, 1273 (2017) (construing Federal Rule of Appellate Procedure 4(b)(2)).

enhancement provisions of the United States Sentencing Guidelines ("Guidelines"): the abuse-of-trust enhancement, *Guidelines Manual* § 3B1.3 (U.S. Sentencing Comm'n 2016), and one of the misrepresentation enhancements, *id.* § 2B1.1(b)(9)(A).

**(a) Law**

"A district court commits procedural error where it fails to calculate the Guidelines range (unless omission of the calculation is justified), makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory. It also errs procedurally if it does not consider the [18 U.S.C.] § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact. Moreover, a district court errs if it fails adequately to explain its chosen sentence, and must include an explanation for any deviation from the Guidelines range." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc) (internal quotation marks and citations omitted).

We review the procedural reasonableness of a sentencing decision "under a deferential abuse-of-discretion standard." *Id.* at 189 (internal quotation marks omitted).[2]

*Abuse-of-Trust Enhancement.* The abuse-of-trust enhancement, section 3B1.3 of the Guidelines, provides for a two-level increase "[i]f the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense." *Guidelines Manual* § 3B1.3. According to the official commentary to the Guidelines, the term " '[p]ublic or private trust' refers to a position of public or private trust characterized by professional or managerial discretion (*i.e.*, substantial discretionary judgment that is ordinarily given considerable deference)." *Id.* § 3B1.3 commentary, application note 1.[3] For the abuse-of-trust enhancement to apply, it is not necessary for the defendant actually to hold a position of trust. The defendant need only "provide[ ] sufficient indicia to the victim that the defendant legitimately holds a position of private or public trust when, in fact, the defendant does not." *Id.*, application note 3.

---

[2] "Abuse of discretion" is a nonpejorative term of art; it implies no misconduct on the part of the district court. *See Dinler v. City of New York (In re City of New York)*, 607 F.3d 923, 943 n.21 (2d Cir. 2010). The term merely designates circumstances in which "a district court bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or renders a decision that cannot be located within the range of permissible decisions." *United States v. Ghailani*, 733 F.3d 29, 44 (2d Cir. 2013) (internal quotation marks omitted and punctuation altered).

[3] An official Guidelines commentary provision is controlling unless it "(1) conflict[s] with a federal statute, (2) violate[s] the Constitution, or (3) [is] plainly erroneous or inconsistent with the Guidelines provision[ it] purport[s] to interpret." *United States v. Jones*, No. 15-1518, 878 F.3d 10, 18 (2d Cir. Oct. 5, 2017) (citing *Stinson v. United States*, 508 U.S. 36, 45 (1993)).

*Misrepresentation Enhancement.* The misrepresentation enhancement provision at issue in this appeal, section 2B1.1(b)(9)(A) of the Guidelines, imposes either a two-level increase or a total offense level of ten, whichever results in a greater total offense level, "[i]f the offense involved . . . a misrepresentation that the defendant was acting on behalf of a charitable, educational, religious, or political organization, or a government agency." *Id.* § 2B1.1(b)(9), (b)(9)(A).

The official commentary to the Guidelines restricts the application of both enhancements in the same case. It prohibits a district court from applying both the misrepresentation enhancement and the abuse-of-trust enhancement "[i]f the conduct that forms the basis for [the misrepresentation] enhancement [of section 2B1.1(b)(9)(A)] . . . is the only conduct that forms the basis for [the abuse-of-trust enhancement]." *Id.* § 2B1.1, commentary, application note 8(E)(i).[4]

**(b) Analysis**

In this case, the District Court found that Nieves had misrepresented himself as a "federal immigration officer" with the power to help his victims—who were illegal immigrants—obtain lawful immigration status in return for payment of bribes. Presentence Investigation Report at 5, paras. 9–10, *United States v. Nieves*, No. 7:16CR00504-001(CS) (S.D.N.Y. Jan. 20, 2017), ECF No. 23; *see also id.* at 6, paras. 15–16; App. 104 (adopting the facts in the Presentence Investigation Report as the District Court's findings of fact). In this scheme, Nieves held himself out as a *jefe* in the United States immigration bureaucracy. Presentence Investigation Report at 5, para. 10, *Nieves* (S.D.N.Y. Jan. 20, 2017), ECF No. 23; *see also id.* at 6, paras. 15–16. He "claimed that he signed the final paperwork that permit[ted] an individual to enter the United States or order[ed] that individual to be deported." *Id.* at 5, para. 10; *see also id.* at 6, paras. 15–16. He also acted out "a charade of purporting to contact, in the presence of the victims, one or more individuals who 'worked' for him at the Immigration office [of an unnamed government agency] to perform certain work-related duties with the victims' paperwork." *Id.* at 5, para. 12; *see also id.* at 6, paras. 15–16.

At the sentencing hearing, the District Court concluded that this conduct justified the application of both the misrepresentation enhancement and the abuse-of-trust enhancement. In the District Court's view, Nieves misrepresented himself by claiming to be an employee of the United States government who could help his victims. But he also committed a separate abuse of trust by convincing his victims—by means of a "charade" of pretending to call lower-level government employees and give them instructions—that he was an especially powerful and high-ranking official.

---

[4] Section 3B1.3 of the Guidelines includes a more general restriction: "This adjustment may not be employed if an abuse of trust or skill is included in the base offense level or specific offense characteristic." *Guidelines Manual* § 3B1.3 (U.S. Sentencing Comm'n 2016).

We conclude that the District Court did not abuse its discretion. It was within the District Court's discretion to treat Nieves's "charade" as conduct distinct from Nieves's mere misrepresentation that he was an immigration *jefe*. It was therefore also within the District Court's discretion to apply both the misrepresentation and the abuse-of-trust enhancement in this case.

## 2. Substantive Reasonableness

Nieves also argues that his sentence is substantively unreasonable. The District Court sentenced Nieves to seventy-two months' imprisonment, twenty-six months more than the upper limit of the Guidelines range. Nieves argues that this deviation from the Guidelines range is unreasonable on various grounds. Some have to do with his personal characteristics (that he "has no violence in his criminal history record"; that he is in poor health). Br. Def.-Appellant 34. Others have to do with the extent to which the Guidelines range already accounts for certain aspects of the offense and of Nieves's criminal history and thus makes an upward variance superfluous (that the specific type of fraud that Nieves committed and the particular vulnerability of his victims both figured in the Guidelines range calculation; that the Guidelines range did not "underrepresent the seriousness of his criminal history in a significant way"). *Id.* (spelling altered). Nieves also mentions the availability of medical and social assistance outside prison, referring to "[a] Re-Entry Plan . . . developed for him by a qualified social worker." *Id.* at 35.

### (a) Law

A sentence is substantively unreasonable "only in [the] exceptional case[ in which] the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal quotation marks omitted). "[W]hen conducting substantive review, we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *Id.* at 190. We are not permitted to "substitute our own judgment for the district court's on the question of" what sentence is reasonable "in any particular case" in light of the considerations specified in 18 U.S.C. § 3553(a). *Id.* at 189.

We review the substantive reasonableness of a criminal sentence "under a deferential abuse-of-discretion standard." *Id.* (internal quotation marks omitted).[5]

### (b) Analysis

We conclude that the District Court did not abuse its discretion. In imposing sentence, the District Court emphasized the particular need in this case to protect the public from Nieves's

---

[5] *See supra* note 2.

repeated fraudulent acts, which it felt previous criminal sanctions had not deterred. It also expressed the view that Nieves's acts were unusually bad; it said it had "rarely seen a case like this." App. Def.-Appellant 140. Given these considerations, we cannot conclude that the District Court's sentence fell outside "the range of permissible decisions." *Cavera*, 550 F.3d at 189.

## CONCLUSION

We have reviewed all of the arguments that Nieves raises on appeal and find them without merit. We therefore **AFFIRM** the District Court's judgment of June 19, 2017.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk