18-715-cr
United States v. Waver

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 22nd day of February, two thousand nineteen.

Present:     ROSEMARY S. POOLER,
             RAYMOND J. LOHIER, JR.,
             SUSAN L. CARNEY,
                  *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                  *Appellee*,

          v.                                          18-715-cr

JEREMY WAVER,

                  *Defendant-Appellant*.

_____

Appearing for Appellant:     Moira L. Buckley, Assistant Federal Defender, *for* Terry S. Ward, Federal Defender, District of Connecticut, Hartford, C.T.

Appearing for Appellee:     Jennifer R. Laraia, Assistant United States Attorney (Marc H. Silverman, Assistant United States Attorney, *on the brief*), *for* John H. Durham, United States Attorney for the District of Connecticut, New Haven, C.T.

Appeal from an order of the United States District Court for the District of Connecticut (Meyer, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Appellant Jeremy Waver appeals from the March 9, 2018, order of the United States District Court for the District of Connecticut (Meyer, *J.*) sentencing him principally to 84 months' imprisonment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

In April 2017, a Connecticut woman was found dead of an overdose of furanyl fentanyl. Police traced the only drugs in the deceased's apartment—and thus the drugs that led to the woman's death—to Waver, and he subsequently pled guilty to possession with intent to distribute and distribution under 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C). The government and Waver agreed that the Guidelines range for Waver's offense was 33 months to 41 months. At the sentencing hearing, the government sought and the district court granted an upward departure under Sentencing Guideline 5K2.1 because Waver's drug sale led to the woman's death. The district court also concluded that "even if the facts here do not meet the requirements under that upward departure provision under 5K2.1, I would still vary, grant an upward variance on account of all the aggravating facts before me, as I've described them, and impose the same sentence that I'm ultimately going to impose." Joint App'x at 207. Because of the section 5K2.1 departure—and in the alternative, because of the district court's decision to vary upward—the district court sentenced Waver principally to a term of 84 months.

Waver raises claims of both procedural and substantive error related to his sentence. In considering claims of procedural error, "we review factual findings for clear error and the court's interpretation of the Sentencing Guidelines de novo." *United States v. Stewart*, 590 F.3d 93, 134-35 (2d Cir. 2009) (internal quotation marks omitted). "We will . . . set aside a district court's substantive decision only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (emphasis omitted) (internal quotation marks omitted).

I. Procedural Error

Waver argues that the district court procedurally erred in departing under section 5K2.1 because the Sentencing Guidelines account for the risk of death in setting the base offense levels for drug crimes. Any error in the application of section 5K2.1, however, was harmless. "Where we identify procedural error in a sentence, but the record indicates clearly that the district court would have imposed the same sentence in any event, the error may be deemed harmless, avoiding the need to vacate the sentence and to remand the case for resentencing." *United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009) (internal quotation marks omitted). Here, the district court explicitly stated that if an upward departure under section 5K2.1 were unavailable, it would have imposed the same sentence by varying upward from the applicable Guidelines range, notwithstanding the departure. The district court based this upward variance in the alternative on the death of the victim and the defendant's criminal history, which the court believed required an

enhanced sentence for the public's protection. The district court's reasons for its upward variance track the factors that a district court must consider when imposing a sentence—namely, "the nature and circumstances of the offense," the need "to afford adequate deterrence to criminal conduct," and the need "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1)-(2). Thus, the district court's upward variance is appropriate. Given the district court's explicit decision that it would have imposed the same sentence via an upward variance as via an upward departure, any procedural error from the upward departure was harmless.

## II. Substantive Error

Waver also argues that his sentence, which was over twice the high end of the Guidelines range, was substantively unreasonable because Waver's crime was a typical drug offense. We may find a sentence substantively unreasonable only where a sentence is "so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that affirming" the sentence "would damage the administration of justice." *United States v. Jones*, 878 F.3d 10, 19 (2d Cir. 2017) (internal quotation marks omitted).

We recognize that the district court imposed a substantially higher sentence than the recommended Guidelines range. Nonetheless, the district court substantiated the increased sentence by pointing to factors that it determined made Waver's drug offense graver than a single sale of heroin—namely, that the person that Waver sold the drugs to ultimately died from consuming the drugs and that the drugs were laced with fentanyl. Additionally, Waver's criminal history supported the district court's determination that Waver was a "professional drug dealer" and thus was particularly likely to return to drug dealing. App'x at 204. Waver fits the highest criminal history category in the Guidelines because he had committed five other drug crimes in the last ten years. We thus cannot conclude that the district court's upward variance led to a sentence that is "unsupportable as a matter of law" such that affirming the sentence "would damage the administration of justice." *Id.* (internal quotation marks omitted).

We have considered the remainder of Waver's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3