15-3313-cr
*United States v. Smith*

# In the
# United States Court of Appeals
## for the Second Circuit

AUGUST TERM 2016

No. 15-3313-cr

UNITED STATES OF AMERICA,
*Appellee,*

v.

EDWARD SMITH,
*Defendant-Appellant.*

On Appeal from the United States District Court
for the Southern District of New York

ARGUED: SEPTEMBER 28, 2016
DECIDED: MARCH 8, 2018

Before: WINTER and CABRANES, *Circuit Judges*, and RESTANI, *Judge*.[*]

———

This case, in which oral argument was heard in September 2016 but which was held in abeyance pending decision first in *United States v. Jones*, No. 15-1518, __ F.3d __, slip op. (2d Cir. Oct. 5, 2017), then in *United States v. Morales*, No. 14-3661 (2d Cir. Jan. 22, 2018), presents the following questions: (1) whether the evidence at trial was sufficient to prove possession of crack cocaine with intent to distribute; and (2) whether the New York offense of robbery in the second degree constitutes a "crime of violence" as that term was defined in the United States Sentencing Guidelines before August 1, 2016. The second question is one of first impression. We answer both questions in the affirmative and therefore **AFFIRM** the judgment of October 7, 2015 of the United States District Court for the Southern District of New York (Katherine Polk Failla, *Judge*).

———

> DANIEL M. TRACER, Assistant United States Attorney (Thomas McKay *and* Karl Metzner, Assistant United States Attorneys, *on the brief*), *for* Geoffrey S. Berman, United States

---

[*] Judge Jane A. Restani, of the United States Court of International Trade, sitting by designation.

Attorney for the Southern District of New York, New York, NY, *for Appellee*.

MATTHEW B. LARSEN, Federal Defenders of New York Appeals Bureau, New York, NY, *for Defendant-Appellant*.

———————

JOSÉ A. CABRANES, *Circuit Judge*:

This case, in which oral argument was heard in September 2016 but which was held in abeyance pending decision first in *United States v. Jones*, No. 15-1518, __ F.3d __, slip op. (2d Cir. Oct. 5, 2017), then in *United States v. Morales*, No. 14-3661 (2d Cir. Jan. 22, 2018), presents the following questions: (1) whether the evidence at trial was sufficient to prove possession of crack cocaine with intent to distribute; and (2) whether the New York offense of robbery in the second degree constitutes a "crime of violence" as that term was defined in the United States Sentencing Guidelines ("Guidelines") before August 1, 2016. The second question is one of first impression. We answer both questions in the affirmative and therefore **AFFIRM** the judgment of October 7, 2015 of the United States District Court for the Southern District of New York (Katherine Polk Failla, *Judge*).

## I. BACKGROUND

Defendant-Appellant Edward Smith ("Smith") appeals from a District Court judgment entered on October 7, 2015 by Judge Failla. A jury convicted Smith of being a felon in possession of a firearm and

ammunition, in violation of 18 U.S.C. § 922(g)(1), and of possession of crack cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). The District Court imposed a term of one hundred twenty months' imprisonment for each of the two charges, the terms to run concurrently.

Smith argues: (a) that the evidence introduced at trial was insufficient to prove possession of crack cocaine with intent to distribute; and (b) that the District Court miscalculated his base offense level under the Guidelines because second-degree robbery, in New York law, is not a "crime of violence" as the term is defined in the applicable version of the Guidelines.

## II. DISCUSSION

### A. Sufficiency of the Evidence

Smith argues that the evidence presented at trial was insufficient to prove possession of crack cocaine with intent to distribute. The officers' testimony that they recovered bags of crack cocaine from him at the police station could not have been true, he argues, because he "was bleeding from his hands on the night in question," whereas "the baggies allegedly recovered from [him] were bloodless." Br. Appellant 15–16. The bags thus could not have been "pried from his bleeding and tightly[ ]clenched hands." *Id.* at 16.

A court reviewing a conviction entered pursuant to a jury verdict for sufficiency of the evidence must affirm the conviction if it determines that "after viewing the evidence in the light most favorable

4

to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Musacchio v. United States*, 136 S. Ct. 709, 715 (2016) (emphasis in original) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *see also United States v. Daugerdas*, 837 F.3d 212, 221 (2d Cir. 2016).

We conclude that there was sufficient evidence to convict Smith. The officers involved in Smith's arrest testified at trial that they did not search Smith until they were back at the police station because a hostile crowd had gathered at the scene of the arrest. They also testified that as they prepared to search Smith at the station, Smith removed something from his pocket and clenched it in his fist. When they pried Smith's fist open, they discovered a plastic bag containing fourteen smaller plastic bags of crack cocaine. Even if no blood was found on the fourteen smaller plastic bags, the jury might reasonably have inferred from the officers' testimony that Smith's hands were no longer bleeding by the time he arrived at the police station. The jury might also reasonably have inferred that Smith's hands were still bleeding but that no blood was on the smaller bags because they were enclosed within the larger plastic bag. The government's choice not to introduce the larger plastic bag into evidence did not require the jury to reject this second possible inference or to conclude that the officers' testimony was not credible.

## B. Calculation of Base Offense Level

Smith also argues that the District Court miscalculated his base offense level under the Guidelines because robbery in the second

5

degree, in violation of New York Penal Law section 160.10, is not a "crime of violence" as the term is defined in the applicable version of the Guidelines.

We review the District Court's calculation for plain error because Smith did not object to the calculation in the District Court. *See United States v. Hargrett*, 156 F.3d 447, 451 (2d Cir. 1998). Plain error exists when: "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity[,] or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (internal quotation marks and brackets omitted). In the review of a sentence, however, the plain error standard is not applied "stringently," since "the cost of correcting an unpreserved error is not as great as in the trial context." *United States v. Gamez*, 577 F.3d 394, 397 (2d Cir. 2009).

At the time of Smith's sentencing, the Guidelines defined "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."

*Guidelines Manual* § 4B1.2(a) (U.S. Sentencing Comm'n 2014).[1] Paragraph (1) is known as the "force clause"; the part of paragraph (2) beginning with "or otherwise involves" is known as the "residual clause." The residual clause was removed from the Guidelines effective August 1, 2016 because the United States Sentencing Commission had determined the phrase to be unconstitutionally vague in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See United States v. Jones*, No. 15-1518, __ F.3d __, slip op. at 7 n.1 (2d Cir. Oct. 5, 2017). The Supreme Court had held in *Johnson* that the identically worded residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2554. The Guidelines residual clause has since been held, however, to be constitutional. *Beckles v. United States*, 137 S. Ct. 886, 892 (2017).

The District Court calculated Smith's base offense level as 20. To come to this result it first found, tacitly, that Smith's conviction in this federal proceeding for unlawful possession of a firearm and

---

[1] The applicable version of the Sentencing Guidelines is the version in effect on the day the defendant is sentenced. *See* 18 U.S.C. § 3553(a)(4)(A)(ii) (2012); *United States v. Jones*, No. 15-1518, __ F.3d __, slip op. at 10 n.3 (2d Cir. Oct. 5, 2017). Smith was sentenced on October 1, 2015. *See* App. Appellant 633–713 (transcript of sentencing). The applicable *Guidelines Manual* is therefore the 2014 version, which remained in effect until November 1, 2015. *Compare Guidelines Manual* i (U.S. Sentencing Comm'n 2014) (indicating that the 2014 version incorporates amendments to the Guidelines up through the amendments effective November 1, 2014), *with Guidelines Manual* i (U.S. Sentencing Comm'n 2015) (indicating that the 2015 version incorporates amendments to the Guidelines up through the amendments effective November 1, 2015).

ammunition followed a conviction on March 30, 2005 for robbery in the second degree in violation of New York Penal Law section 160.10. It then implicitly concluded that second-degree robbery met the definition of a crime of violence in section 4B1.2(a) of the Guidelines. The applicable provision of the Guidelines, section 2K2.1(a)(4)(A), therefore fixed Smith's base offense level at 20.

We have not yet decided whether the New York offense of second-degree robbery is a crime of violence under either the force clause or the residual clause of section 4B1.2(a) of the Guidelines in effect when Smith was sentenced.

We have recently held, however, that the New York offense of first-degree robbery is a crime of violence under the then-applicable residual clause of section 4B1.2(a) of the Guidelines. *Jones*, __ F.3d __. In *Jones*, we noted that the official commentary on section 4B1.2 of the 2014 version of the Guidelines—also the relevant version in this case— explicitly names robbery as a crime of violence. *See id.*, slip op. at 15–16; *see also Guidelines Manual* § 4B1.2 application note 1, at para. 2 ("'Crime of violence' includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling."). We also noted that an official Guidelines commentary provision is controlling unless it "(1) conflict[s] with a federal statute, (2) violate[s] the Constitution, or (3) [is] plainly erroneous or inconsistent with the Guidelines provision[ it] purport[s] to interpret." *Jones*, slip op. at 16 (citing *Stinson v. United States*, 508 U.S. 36, 45 (1993)). None of these exceptions applied in *Jones*. *Id.* at 16. We then confirmed that the

meaning of "robbery" in the Guidelines commentary encompassed the offense of first-degree robbery within the meaning of New York law. We did so in part by finding that the first element of the New York first-degree-robbery statute fell within the generic definition of robbery in all American jurisdictions. *Compare* N.Y. Penal Law § 160.15 ("A person is guilty of robbery in the first degree when he forcibly steals property . . . ."), *with Jones*, slip op. at 17 ("[A]ll fifty states define robbery, essentially, as the taking of property from another person or from the immediate presence of another person by force or by intimidation." (emphasis omitted) (quoting *United States v. Walker*, 595 F.3d 441, 446 (2d Cir. 2010)). We concluded that the New York offense of first-degree robbery constituted a crime of violence under the residual clause of section 4B1.2(a)(2) of the Guidelines. *See Jones*, slip op. at 16–17, 19.

The rationale of *Jones* is directly applicable to this case. In New York law, the first element of second-degree robbery is the same as the first element of first-degree robbery. *Compare* N.Y. Penal Law § 160.10 ("A person is guilty of robbery in the second degree when he forcibly steals property . . . ."), *with id.* § 160.15 ("A person is guilty of robbery in the first degree when he forcibly steals property . . . ."). The first elements of both provisions, taken on their own, bring these offenses within the scope of the generic definition of robbery that we discussed in *Jones*. It is thus unnecessary to consider the differences between the

9

other elements of the first-degree-robbery statute and the other elements of the second-degree-robbery statute.[2]

For these reasons we hold that the New York offense of robbery in the second degree is within the meaning of "crime of violence" as defined in section 4B1.2(a) of the Guidelines that were in effect when Smith was sentenced.[3] The District Court's calculation of Smith's base offense level was therefore not erroneous.

### III. CONCLUSION

In summary, we hold as follows:

(1) the evidence presented at Smith's trial was sufficient to prove possession of crack cocaine with intent to distribute; and

(2) because the New York offense of robbery in the second degree constitutes a crime of violence within the meaning of the United States Sentencing Guidelines in effect when Smith

---

[2] Smith argues that second-degree robbery cannot qualify as a crime of violence under the force clause of section 4B1.2(a)(1) of the Guidelines. *See* Br. Appellant 22–27. But because we concluded in *Jones* that first-degree robbery qualified as a crime of violence under the residual clause, and because we see no relevant difference between New York's first- and second-degree-robbery statutes, it is not necessary to address Smith's argument about the force clause.

[3] As we noted above, the residual clause was replaced with different language as of August 1, 2016. Our holding thus applies only to sentencing decisions made under the Guidelines in effect before that date. *See supra* text following note 1. We note, however, that the replacement language expressly names "robbery" as one of the crimes of violence. *See Guidelines Manual* § 4B1.2(a)(2) (U.S. Sentencing Comm'n 2016).

was sentenced on October 1, 2015, the District Court's calculation of Smith's base offense level was not erroneous.

We **AFFIRM** the District Court's judgment of October 7, 2015.