15-1290-cr
*United States v. Mathison*


# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.


At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of April, two thousand eighteen.

PRESENT:    AMALYA L. KEARSE,
            GUIDO CALABRESI,
            DENNY CHIN,
                    *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                    *Appellee,*


            v.                                    15-1290-cr

ANTHONY MATHISON,
                    *Defendant-Appellant.*


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                    SARITHA KOMATIREDDY, Assistant United
                                States Attorney (Emily Berger, Alicyn L.
                                Cooley, Melody Wells, Assistant United States

Attorneys, *on the brief*), *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, New York.

FOR DEFENDANT-APPELLANT: JAMES HEALY, (Steven G. Brill, *on the brief*), Sullivan & Brill, LLP, and Anthony Mathison, *pro se*, New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the amended judgment of the district court is **AFFIRMED**.

Defendant-appellant Anthony Mathison appeals an amended judgment entered April 22, 2015, convicting him on two counts of Felon in Possession of a Firearm, pursuant to 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He was sentenced principally to 204 months' imprisonment. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

On November 9, 2012, a grand jury returned the operative superseding indictment charging Mathison with three counts of Felon in Possession of a Firearm, pursuant to 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 3551, *et seq.* Count One pertained to Mathison's sale of a Ruger 9mm pistol to a cooperating witness on April 6, 2010. Count Two pertained to a police search of Mathison on November 18, 2010, during which police found a Kel-Tec 9mm handgun. Count Three pertained to an incident in which

2

police found two handguns -- a Taurus .45 caliber handgun and a Taurus 9mm gun -- one in a backpack thrown from a window and the other alongside it outside a building on October 9, 2011.

On December 17, 2012, Mathison moved to sever the three counts. The court granted the motion in part, and trial on Count One began on May 6, 2013. Prior to jury instructions, Mathison pleaded guilty to all three counts. Mathison, however, subsequently moved to withdraw his guilty plea; the district court granted the motion and ordered a new trial. As for Count Two, Mathison moved to suppress the evidence in April 2014, arguing that it was the fruit of an illegal stop and frisk. After a hearing, the district court granted the motion and the government dropped this count. As for Count Three, the district court held a trial in May 2014, and the jury returned a guilty verdict, finding that Mathison possessed the Taurus .45 but not the Taurus 9mm. In June 2014, the district court held a second trial on Count One, and the jury returned a guilty verdict on this count.

On December 19, 2014, before sentencing, the government disclosed for the first time that there was a match for Troy Watson's DNA on the Taurus 9mm gun. Watson had been arrested with Mathison in October 2011. At trial, however, his DNA was only identified as being from "Donor B."

In advance of sentencing, Mathison objected to several findings in the Presentence Report ("PSR"), including a finding that Mathison shot Corey Marshal.

3

Accordingly, the court held a *Fatico* hearing on February 27, 2015. At sentencing on April 17, 2015, the district court set forth its findings of fact, concluding that Mathison shot Marshal and that Mathison possessed three guns: the Ruger 9mm (Count One), the Taurus .45 (Count Three), and the Kel-Tec 9mm (dismissed Count Two). The district court sentenced Mathison to 102 months' imprisonment on each of Counts One and Three, to be served consecutively, for a total of 204 months. Judgment was entered on April 22, 2015, and this appeal followed.

On appeal, Mathison argues: (1) his rights under *Brady v. Maryland*, 373 U.S. 83 (1963), were violated by the government's failure before trial to disclose that Watson's DNA was on the Taurus 9mm; (2) the district court abused its discretion in allowing certain evidence at trial; and (3) the district court erred in its sentencing calculation.

## I. *Brady* Claim

Mathison argues that the government's failure to turn over DNA evidence linking Watson to one of the guns in Count Three violates *Brady*. We disagree.

When considering a *Brady* claim, "we examine the record *de novo* to determine whether the evidence in question is material as a matter of law." *United States v. Madori*, 419 F.3d 159, 169 (2d Cir. 2005). Under *Brady*, a defendant's due process rights are violated if the prosecution fails to provide "evidence favorable to [the] accused." *Strickler v. Greene*, 527 U.S. 263, 280 (1999). To establish a *Brady* violation, the

4

defendant must demonstrate that: (1) the evidence at issue is favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence was suppressed by the government, either willfully or inadvertently; and (3) the defendant was prejudiced. *Id*. at 281-82.

The government concedes the first two prongs of the *Brady* test, and we agree that they are met. We conclude, however, that Mathison failed to demonstrate that he was prejudiced. Mathison was convicted only of possessing the gun with his DNA on it, that is, the Taurus .45, and thus the evidence of Watson's DNA on the other gun -- as to which he was acquitted -- would not have changed this result. Moreover, the jury was aware that there was DNA of other individuals on the guns, and still convicted Mathison on the Taurus .45. Accordingly, we find no *Brady* violation.

## II.     Evidentiary Claims

Mathison raises several evidentiary claims regarding witness testimony. This Court reviews a district court's evidentiary rulings for abuse of discretion. *United States v. Mercado*, 573 F.3d 138, 141 (2d Cir. 2009). "To find such abuse, we must conclude that the trial judge's evidentiary rulings were arbitrary and irrational." *United States v. Paulino*, 445 F.3d 211, 217 (2d Cir. 2006) (internal quotation marks omitted). Even if a reviewing court finds error, a new trial is not required if the error was harmless. *See Mercado*, 573 F.3d at 141. Upon review of the record, we find no abuse of discretion in the district court's evidentiary rulings.

5

**III.     Sentencing Claims**

With respect to sentencing, Mathison argues that the district court erred when: (1) it calculated his base offense level under United States Sentencing Guideline § 2K2.1(a)(4), finding that his prior conviction in New York for Robbery in the Second Degree was a crime of violence; and (2) it applied sentencing enhancements under U.S.S.G. § 2K2.1(b)(6)(B), based on its finding that Mathison shot Marshal, and § 2K2.1(b)(1)(A), based on its finding that Mathison possessed three guns, including the Kel-Tec that was the subject of dismissed Count Two.

We review sentencing decisions for procedural and substantive reasonableness. *See United States v. Cavera*, 550 F.3d 180, 187 (2d Cir. 2008) (en banc); *United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008). We apply a "deferential abuse-of-discretion" standard to both procedural and substantive review. *Cavera*, 550 F.3d at 189 (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). We find procedural error when a district court fails to calculate the Guidelines range, makes a mistake in its Guidelines calculation, treats the Guidelines as mandatory, fails to consider the § 3553(a) factors, or rests its sentence on a "clearly erroneous" finding of fact. *Id.* at 190 (citing *United States v. Crosby*, 397 F.3d 103, 112 (2d Cir. 2005); *Gall*, 552 U.S. at 51). Facts relevant to sentencing must be found by a preponderance of the evidence. *United States v. Salazar*, 489 F.3d 555, 557 (2d Cir. 2007).

As to the first issue, this Court recently held in another case that New York second degree robbery is indeed a crime of violence as a matter of law. *See United States v. Smith*, 884 F.3d 437, 440-41 (2d Cir. 2018). We thus conclude that the district court correctly calculated Mathison's base offense level.

As to the second issue, upon review of the record, we find that the district court did not err in applying the sentencing enhancements. With respect to the § 2K2.1(b)(6)(B) enhancement, there was sufficient evidence in the record to support the finding that Mathison shot Marshal -- the gun that Mathison was convicted of possessing in Count Three was the gun with which Marshal was shot, and it was found in Mathison's possession a few days after the shooting. With respect to the § 2K2.1(b)(1)(A) enhancement, the district court did not abuse its discretion in considering the suppressed Kel-Tec 9mm handgun at sentencing as it took into account the proper Fourth Amendment factors. *See United States v. Tejada*, 956 F.2d 1256, 1261-63 (2d Cir. 1992) (the district court may consider illegally seized evidence, but must balance Fourth Amendment considerations). Accordingly, we reject the claim of sentencing error.

. . .

We have considered Mathison's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the amended judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7