18-1619
*United States v. Jones*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of September, two thousand nineteen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge*,
> JOHN M. WALKER, JR.,
> MICHAEL H. PARK,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

     *Appellee*,

    v.                                No. 18-1619

COREY JONES,

     *Defendant-Appellant*.

---

| | |
|---|---|
| For Defendant-Appellant: | MATTHEW B. LARSEN, Federal Public Defender's Office, New York, NY. |
| For Appellee: | AMY BUSA, Margaret Lee (on the brief) Assistant United States Attorneys, *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY. |

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Garaufis, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Corey Jones appeals from a sentence entered in the United States District Court for the Eastern District of New York (Garaufis, *J.*) following a jury trial conviction for assaulting a federal officer in violation of 18 U.S.C. § 111. The district court sentenced him as a career offender principally to 180 months of imprisonment, a significant departure from Jones's Guidelines range of 210 months to 240 months.

The convoluted procedural history of this case is covered in detail in *United States v. Jones*, 878 F.3d 10 (2d Cir. 2017), in which we affirmed Jones's sentence on two bases: first, in light of *Beckles v. United States*, 137 S. Ct. 886 (2017), we held that "first-degree robbery as defined in New York is categorically a crime of violence under the residual clause," *Jones*, 878 F.3d at 14, and, second, we found that Jones's sentence was substantively reasonable, *id.* at 19-20. Nevertheless, we remanded the case "for further consideration as may be just under the circumstances." *Id.* at 20; *see id.* (Calabresi, *J.*, joined by Hall, *J.*, concurring) ("[The] result, while mandated by the law, seems to me to be highly unjust, and little short of absurd."); 28 U.S.C. § 2106 (An appellate court "may remand the cause" to "require such further proceedings to be had as may be just under the circumstances."). It was implicit in the mandate that the case would be remanded to the same district judge. *Cf. United States v. Robin*, 553 F.2d 8, 9 n.1 (2d Cir. 1977) ("Throughout the Second Circuit resentencing, in the absence of directions to the contrary by this court, is usually conducted upon remand by the same judge.").

On May 25, 2018, following submissions from Jones and the government "as to how the [district] court should proceed in this case," Appellant's App'x at 85, the district court denied

Jones's application for a resentencing hearing and reaffirmed his sentence. *Id.* at 97. The district court, "taking into account all of the evidence adduced at [Jones's] trial, the contents of the Presentence Report, [Jones's] criminal history, [Jones's] lack of remorse . . . , and the submissions of counsel," concluded "that the sentence that was imposed on [Jones] was the appropriate sentence." *Id.* at 96-97. Having already held that Jones's sentence is "mandated by the law," *Jones*, 878 F.3d at 20 (Calabresi, *J.*, concurring), we once again, affirm.

We did not remand this case for resentencing. *Compare id.* (majority opinion) ("[W]e AFFIRM the sentence imposed by the district court and REMAND for further consideration as may be just under the circumstances."), *with United States v. Malki*, 609 F.3d 503, 512 (2d Cir. 2010) ("The case is remanded for resentencing . . . ."). Thus, this Circuit's precedents concerning mandates where "we *overturn* a sentence" are inapposite. *United States v. Malki*, 718 F.3d 178, 182 (2d Cir. 2013) (emphasis added). "To determine whether an issue remains open for reconsideration on remand, the trial court should look to both the specific dictates of the remand order as well as the broader spirit of the mandate." *United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001) (internal quotation marks omitted).

Given the lack of "specific dictates of the remand order" in this case, we must examine "the broader spirit of the mandate." *Id.* We did not vacate Jones's conviction. Nor did we—or could we—identify any sentencing error. Rather, we remanded pursuant to 28 U.S.C. § 2106, which "permits affirmances and remands for further proceedings in the interest of justice," and which the concurrence noted "may permit the district court to reconsider the sentence imposed." *Jones,* 878 F.3d at 24 n.6 (Calabresi, *J.*, concurring).[1] The spirit of the mandate *permitted* the district court to "reconsider" Jones's sentence.

---

[1] The concurrence pointed to *United States v. Algahaim*, 842 F.3d 796 (2d Cir. 2016), as an example of a case where we affirmed a sentence but remanded for further consideration of that sentence. Upon remand, following written submissions by the parties, the district court (McAvoy,

Jones argues that the district court did not comply with our mandate to "further consider[]," *id.* at 20 (majority opinion), the case in the interests of justice. He argues that the district court did not comply with the "spirit of the mandate" because it denied Jones's application for a resentencing hearing without briefing on the issue. He asks us to remand the case to a different district judge. We decline to do so.

Contrary to Jones's assertion, the district court did not "do nothing" on remand. Appellant's Br. at 20. The district court ordered Jones and the government to submit respective "proposals regarding how the [district] court should proceed" in light of our remand. Appellant's App'x at 96. In his proposal, Jones made substantive arguments to the district court regarding resentencing. Similarly, the government's proposal made substantive points. Granted, Jones's proposal was a preview of arguments he planned to "set out in detail" in a later submission and was not intended as a final submission to support a motion for resentencing. Appellant's App'x 87 n.1. Nevertheless, the district court accepted and "consider[ed]," *Jones*, 878 F.3d at 20, the parties' submissions. Indeed, in reaffirming Jones's sentence, the district court expressly stated it had taken the "submissions of counsel" into account, Appellant's App'x at 97, and we have no reason to doubt that it did.

Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, CLERK

---

*J.*) reaffirmed its original sentence. *United States v. Murshed et al.*, No. 13-CR-489 (N.D.N.Y. Apr. 26, 2017), ECF No. 205. No appeal followed.